ED KASCH v. H. CONRADS ET AL.

Application No. 17477. Decided October 15, 1930.
(31 S. W., 2d Series, 630.)

*Cunningham, Moursund & Johnson* and *R. E. McKie,* for plaintiff in error.

The court held that the defendant in the court below (plaintiff in error) was guilty of fraud as a matter of law, if he failed to make a detailed disclosure of the amount and conditions of the assets of the corporation, even though it be found as a fact that he

paid a full and adequate consideration therefor, thus holding that in a suit for money damages, even if the evidence showed that plaintiffs in the court below suffered no damage, yet they would nevertheless be entitled to recover if detailed disclosure was not made by plaintiff in error.

The above holdings constituted errors of substantive law, which caused the rendition of the judgment reversing and remanding said cause, and which, if allowed to stand as the law of this case, will probably cause the rendition of an improper judgment on another trial.

The Court of Civil Appeals held that the burden of proof rested upon defendant in the court below (plaintiff in error) to affirmatively show, not only that he paid a full, fair and adequate price for the assets he received, but that he made a full, detailed disclosure of all facts relating to the corporate assets, thus holding, that even if the uncontradicted testimony should show that plaintiff in error paid full, fair and adequate consideration for the assets he received, and that plaintiffs in the court below received said consideration, and hence suffered no damage, that nevertheless if plaintiff in error failed to show that he made full, detailed disclosure concerning said assets, prior to his purchase thereof, plaintiffs in the court below would be entitled to recover, and that no judgment could be rendered in favor of defendant in the court below, even though no damage was sustained by said plaintiffs.

This being a suit for money damages, based upon the alleged failure of defendant in the court below to pay an adequate consideration for the corporate assets received by him, he would, in any event, be entitled to a judgment if the consideration paid by him was fair and adequate; hence the question of whether or not he made a full disclosure was not material to any issue in this case. 26 C. J., sec. 77, pp. 1167–9; 27 C. J., sec. 180, pp. 49–50; Reed v. Halloway, 127 S. W., 1192; Harris v. Shear, 177 S. W., 137; Vick v. Park, 171 S. W., 1041; Russell v. Industrial Trans. Co., 113 Texas, 441; Bremond v. McLain, 45 Texas, 10; Moore v. Cross, 87 Texas, 561.

PER CURIAM: We do not think the opinion of the Court of Civil Appeals should interpreted as holding that defendants in error were entitled to recover regardless of whether damages were actually sustained by them.

The application for writ of error is refused.